In the U.S. District Court for the Western District of Missouri

Ronnie Lee Owen
(Plaintiff)

v.

OFFICER NANCE of the Greene County Sheriff's Dept., and James Arnott, Sheriff of the County of Greene

Case No:

16-3362-CV-W-BP-P

Complaint pursuant to 42 U.S.C. § 1983

## I. Jurisdiction and Venue

1. This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, under color of law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. § 1331 and 1343(a)(3). Plaintiff seeks declatory relief pursuant to 28 U.S.C. § 2284 and rule 65 of the Fed.R.Civ.P.

2. The Western District of Missouri is an appropriate venue under 28 U.S.C. § 1391(b)(2) as it is where the events giving rise to the claim occurred.

## II. Plaintiffs

3. Plaintiff, Ronnie Lee Owen, is and was at all times mentioned herein a prisoner of the Greene County Jail (GJC) located at 1000 N. Boonville in Springfield, Missouri 65802. He is currently confined therein.

i

### III. Defendants

4. Defendant OFFICER NANCE of the Greene County Sheriff's Dept., is employed at the Greene County Jail as a "guard" and who, at all times mentioned in this complaint, held such employment and was assigned to work within the Jail in direct contact with the prisoners thereof.

5. Defendant James Arnott, Sheriff of Greene County, Missouri is the "Director" of the Greene County Jail (GCJ), and is legally responsible for the overall operation of the Jail and for the welfare of the prisoners held therein.

6. Each defendant is sued individually and in his official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

### IV. FACTS

7. At all times relevant to this case, Plaintiff OWEN was located in C-Pod cell 207 at the Greene County Jail.

8. From December 1, 2015 to February 28, 2016 the defendant, NANCE, did at times "work" in Pod C of the Greene County Jail, and was in contact with the Plaintiff, OWEN. During such time period, there did occur a "shakedown" of the entirety of C-Pod and Officer NANCE, on the KNOWN AUTHORITY of Jail Administration under the direction of Sheriff James Arnott, did initiate the search of the cell housing the plaintiff, OWEN, which was cell 207 in C-Pod. Plaintiff, OWEN, was ordered to come out of the cell for a "PAT-DOWN" frisk by Officer NANCE. Defendant Nance proceeded to fondle the genitals of the defendant and did grasp the plaintiff's penis and

stroke and pull it several times while breathing heavily into the plaintiff's ear. Plaintiff OWEN was then ordered by defendant NANCE to the shower area for a strip search. Plaintiff OWEN did request that a different officer perform the strip search but such request was denied by defendant Nance as the defendant leered at the plaintiff and stated, "I can't wait to see what's hidden in them pants." Plaintiff OWEN already felt humiliated and ashamed and was distressed, then he was ordered by defendant Nance to strip and to do so "slowly." The plaintiff had no choice but to comply in the face of the "Force" of the defendant, OFFICER NANCE. Once plaintiff OWEN had striped, he was ordered by defendant NANCE to use his hands to "spread his cheeks" and to squat and cough. OWEN complied. Defendant Nance did then "swat" OWEN on the right "cheek" and told him to turn and to lift his "sack," OWEN complied. OWEN was then ordered by defendant Nance to "shake the penis." OWEN complied. At this point, OWEN was in so much emotional distress he was shedding tears, and shaking, the humiliation and the "assault" were devestating to his mental state. Defendant Nance then reached out and fondled OWEN's naked genitals, and did "tug" on his penis, while doing so defendant NANCE stated, "it could at least get a little hard," and "But you just can't get it up at all, can you? You aren't even a man are you?" Plaintiff OWEN was MORTIFIED, ASHAMED, HUMILIATED and felt physically ill at this point. Defendant Nance then ordered OWEN to probe his own mouth with his fingers, the same fingers previously used to "spread" his cheeks, and lift his genitals, he was NOT allowed to wash his hands prior to the oral probing. Defendant Nance then

3

stated, "Since you are useless and not a man, get dressed and go out to the rec. yard." OWEN complied, but felt ashamed, and physically dirty and humiliated. Later, OWEN was told by another inmate, that he had witnessed the entire thing, and that defendant Nance had done similar things to him. After the incident, several officers referred to plaintiff OWEN as "NANCE'S BITCH" in front of other inmates. Plaintiff OWEN did attempt to obtain an Informal Request for Remedy (Level #1) as stated in the GCJ Policy/Rules Section #12 (3)(A-D). The "Pod" officer told him, erroneously, that he must fill out an Inmate Request to Staff form, explaining what the "greivance" was for and await a response. This is advice by staff that is CONTRARY to POLICY, and is ERRONEOUS, and then causes the inmate to NOT be able to timely file a greivance as noted in GCJ Policy/Rule Section #12 (3)(C). This impedes the greivance process through no fault of the plaintiff. OWEN complied making his complaint on an Inmate Request to Staff for a greivance. At approx 4am the next morning, OWEN was ordered from his cell and told to go to the Lt.'s office. He did so. In that office was Sheriff James Arnott, (OWEN Recognized him from News reports), and OWEN was told to "drop this matter," and "if you don't, bad things can happen in a jail," and finally, "as far as we are concerned it NEVER happened, got it?" OWEN had been directly threatened with VIOLENCE by the Sheriff of the Jail. This was a direct threat to impede the greivance process. OWEN then wrote a letter to the Prison Rape Elimination Act (PREA) detailing the incident and noting the GCJ Policy/Rule Section #2 (2)(J). The letter was

4.

intercepted by jail officials, and that morning at approximately 3am, the cell OWEN occupied (C-pod 207) was entered by Officer Garton, and the "TUB" containing OWEN'S belongings was taken. About three hours later the "TUB" was returned, but all of OWEN'S written documents were gone. This included the dates, times, and Officers names for this incident, as well as his written narratives, and the request forms that noted the "JAIL" had decided that his matter was NOT a greivable issue and that he would receive no greivance. This was signed by James Arnott. Inmate Les May, did see such document, as he was also the witness to the events. On the return of OWEN'S "TUB," Officer NANCE was the one to bring it back. OWEN was told, "If you do NOT drop this, it is going to get REAL, and FAST," and that "inmates die in jail all the time," Then "so stop crying about it you little sissy bitch." The Sheriff, James Arnott, was told, during the "meeting" that the <u>GCJ Policy/Rules section #2 (2)(J)</u> states that GCJ has a "ZERO TOLERANCE POLICY for sexual misconduct by inmates <u>AND STAFF</u>." and that "the inmate's safety is our first priority." To this, defendant Arnott only laughed and made his threats to OWEN. Thereby due to erroneous misinformation, threats, and direct misconduct by jail staff, OWEN'S pursuit of the administrative remedies was impeded knowingly and willfully. The plaintiff tried one final time to address this serious matter, on his next scheduled court date in the U.S. District Courthouse, he did attempt to advise the U.S. Marshall there. He pulled the Marshall aside and told him, in the Marshall's interview room across from the cells, about the events. The Marshall, then unknown to OWEN by name, did then

5

tell OWEN that if he persisted in this course, matters he was fully aware of, that he would see to it that there were far more serious charges filed than his Supervision Violation. (Subsequently such Felony Charges were then filed later in direct retaliation.) Later, OWEN was told that this was "head" Marshall Lonnie Nance, the BROTHER of defendant Nance. Due directly to threats and retaliation the plaintiff was impeded from any and all pursuit of administrative remedies. The defendant was humiliated, degraded, distressed, assaulted, retaliated against, impeded from admin remedies, threatened with charges and violence, even death, and had actual charges filed. The defendant has been CRUELLY and UNUSUALLY punished at this time.

## V. Exhaustion of Legal Remedies

9. Plaintiff OWEN, did attempt to use the inmate greivance procedures, as well as the PREA complaint procedures, but was fully and willfully impeded from these procedures by mis-advice, threats, and retaliation by staff and BOTH defendants. (See par. 8 of this complaint). This is through NO fault of the plaintiff, and may NOT be held against him. There are a NUMBER of witnesses to the events and to the impeding of the process. The EVIDENCE and WITNESS testimony will show proof of this.

## VI. Legal Claims

10. Plaintiff OWEN does reallege and incorporate by reference paragraphs 1-9.

11. The Sexual assault of the plaintiff by OFFICER NANCE is the Intentional Inflation of Emotional Distress, A.K.A. "OUTRAGE" and as there is NEVER a LEGITIMATE PENOLOGICAL INTEREST SERVED by such

6

an assault or abuse by jail staff it will ALWAYS be termed as CRUEL and UNUSUAL PUNISHMENT simply by the obvious and knowing wanton nature of the act itself. Hudson v. McMillian, 503 U.S. 1 (1992); Farmer v. Brennan, 511 U.S. 825 (1994); 42 U.S.C. §15601(13); 42 U.S.C. §15602(1); AND Berryhill v. Schiro, 137 F.3d 1073 (8th cir. 1998); Giron v. C.C.A., 191 F.3d 1281 (10th cir. 1999); Bodie v. Schneider, 105 F.3d 857 (2d cir. 1997); Rodriguez v. McClenning, 399 F.Supp. 2d 228 (S.D.N.Y. 2005); Smith v. Cochran, 339 F.3d 1205 (10th cir. 2003); White v. Ottinger, 442 F.Supp. 2d 236 (E.D. Pa. 2006).

12. The retaliatory conduct of the Jail Staff was unconstitutional and designed to "silence" the plaintiff through threats of violence, death, and/or criminal charges, as well as through acts of retribution such as cell searches and confiscation of property, and the inflammatory comments by staff designed to create further emotional injury. Trobaugh v. Hall, 176 F.3d 1087 (8th cir. 1999); Goff v. Burton, 91 F.3d 1188 (8th cir. 1996); Turner v. Safely, 107 S.Ct. at 2261. The conduct leading to the complaint by the plaintiff is deemed unconstitutional and thereby is "a protected liberty interest" and the retaliatory conduct thereafter is both "adverse and unconstitutional." Turner. The causal connection herein is so obvious that even a Ley person could see it plainly. Turner.

13. The "outrage" or Intentional Infliction of Emotional Distress continues as the defendant Nance, at last contact with the plaintiff continue to refer to him as a "crying little sissy bitch", and other officers refer to the plaintiff, still, as "Nance's Bitch." Thereby, the plaintiff cannot

INDIGENT

escape the emotional distresses herein.

14. Plaintiff OWEN has No plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which the plaintiff seeks.

### VII. Prayer For Relief

15. WHEREFOR, Plaintiff respectfully prays that this court enter judgement:

16. Granting plaintiff OWEN a declaration that the acts and omissions described herein violate his rights under the Constitution and Laws of the United States, and

17. A preliminary and permanent injunction ordering defendants NANCE and Arnott to CEASE their retaliatory and physical as well as oral threats and retaliations toward plaintiff OWEN, and

18. Grant plaintiff OWEN compensatory damages of and in the amount of $150,000,000.00 dollars U.S. against EACH DEFENDANT jointly and Separately, and severally.

19. Plaintiff also seeks a jury trial on all issues triable by jury.

20. Plaintiff seeks to recover the costs associated with this suit at law, and

21. Any additional relief this court deems just, proper, and equitable.

Dated, August 21, 2016

Respectfully Submitted,

Ronnie Owen #2954357

INDIGENT

GREENE COUNTY JAIL
1000 W. Boonville,
Springfield, MO. 65802

Executed at GCJ on this the 21 day of August, 2016

X Ronnie L
Ronnie Owen #2954357

INDIGENT

**GREENE COUNTY JUSTICE CENTER**
1000 N Boonville
Springfield MO. 65802

Ronnie Owen
Inmate Name

2954357
Jacket #

LEGAL MAIL

SPRINGFIELD
MO 658
24 AUG '16
PM 2 L

Clerk of Court
U.S. District Court for the
Western District of Missouri
1400 U.S. Courthouse
222 John Q. Hammons Pkwy
Springfield, Mo 65806

REC'D AUG 25 2016

02 1P
0000885762
MAILED FROM ZIP CODE 65802
$ 000.46⁵
AUG 24 2016
PITNEY BOWES

65806-255950

INDIGENT

Case 6:16-cv-03362-BP  Document 1  Filed 08/25/16  Page 10 of 10