UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

RONNIE LEE OWEN,           )
                           )
            Plaintiff,     )
                           )
    vs.                    )    Case No. 16-3362-CV-W-BP-P
                           )
OFFICER NANCE, et. al.,    )
                           )
            Defendants.    )

**DEFENDANTS' SUGGESTIONS IN SUPPORT OF MOTION TO COMPEL
PRODUCTION OF EXHIBITS**

COME NOW, Defendants Officer Nance and Sheriff James Arnott, by and through their attorneys of record, Keck, Phillips & Wilson, LLC, and for their Suggestions in Support of Motion to Compel Production of Exhibits submit the following suggestions:

**I.      INTRODUCTION**

The Court previously disclosed, in confidence, records of Plaintiff's competency proceedings in *United State v. Ronnie L. Owen*, 6:16-cr037072-SRB, including the transcript for Plaintiff's March 29, 2017 competency hearing (6:16-cr037072-SRB, Doc. 28), an exhibit list for that hearing (*Id.*, Doc. 27), and a brief that described those exhibits (*Id.*, Doc. 31); however, the Court could not produce the referenced exhibits themselves, because those were retained by Plaintiff's conflict public defender, Ms. Erica Mynarich. In the case at bar, Defendants attempted to obtain those exhibits through written discovery but Plaintiff objected based on attorney-client privilege and work product. (Ex. A, p.3). Defendants also attempted to obtain the exhibits through deposition *duces tecum* of Ms. Mynarich, but Defendants have been advised she will not produce the records based on the same assertion. (Ex. B). Defendants have offered to stipulate that production of the exhibits, either through written discovery or deposition, could be made

1

without Plaintiff waiving any objection to admissibility. Defendants have also offered to stipulate to a protective order consistent with the Court's previous orders. Both offers have been rejected. In light of the circumstances, Defendants should in the interest of justice and fairness be permitted access the exhibits listed in Document in Case No. 6:16-cr037072-SRB – under the same terms of confidentiality previously ordered– so that they can adequately prepare their defense.

## II.  ARGUMENT

The attorney-client privilege protects confidential communications between a client and an attorney that are made *for the purpose of obtaining legal advice*. *See United States v. Yielding*, 657 F.3d 688, 706 (8th Cir. 2011). Documents that were not prepared in anticipation of specific litigation are not protected by work product. *See Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987). There are nine exhibits listed in Doc. 27 of Case No. 6:16-cr037072-SRB, where: Exhibits 1-7 are described as letters; Exhibit 8 is a report; and Exhibit 9 is a January 8, 2010 Associated Press Article (*Id.*; Doc. 28, p. 3; Doc. 31, p. 5). In reverse order, Exhibit 9, the news article, clearly was not generated for the purpose of obtaining legal advice or in anticipation of specific litigation. Further, the description of Exhibit 9 in Doc. 31 of Case No. 6:16-cr037072-SRB indicates that it is either the same as, or very similar to, an article available online at:

> https://www.ksl.com/article/9276013/fraud-suspect-spins-tale-of-obama-overthrow-plot?print=1

(Ex. C). Here, the Court can take judicial notice of website information that is freely available to the public, either as common knowledge or because the fact of its existence is readily determined. *See, generally, Enter. Rent-A-Car Co. v. U-Haul Int'l, Inc.*, 327 F. Supp. 2d 1032,

2

1042 n.4 (E.D. Mo. 2004)(citation omitted)(taking judicial notice of contents of a company's website). Accordingly, even if there was some theoretical set of circumstances where a news article could be privileged (and it is not clear how that could occur), that would not apply to the article in Exhibit 9. Similarly, the Defendants may already have Exhibit 8 in Case No. 6:16-cr037072-SRB. The Defendants cannot know for certain without comparing reports, but the parties all have a report that appears to match the description of Exhibit 8, and even if Defendants learned at the deposition of Dr. Andreassen, scheduled for May 22, 2019 (Doc. 72), that two different reports existed, Exhibit 8 must regard the same subject matter, in which case it is not clear why Defendants should be precluded from accessing Exhibit 8. Finally, Exhibits 1-7, like all the exhibits, were used during the competency hearing because they shed light on statements by Plaintiff that suggest his ability to accurately perceive and relate events may be tenuous at best. (Doc. 31, p. 12-14). Further, Exhibits 1-7, which are letters by Plaintiff, cannot be privileged, because they were not made for the purpose of obtaining legal advice from the addressee, or made in anticipation of litigation where the addressee represented Plaintiff. (6:16-cr037072-SRB, Doc. 27; Doc. 31). Exhibit 1 was addressed to Plaintiff's conflict public defender (Ms. Mynarich), who does not represent Plaintiff in the case at bar, and had nothing to do with her defense of Plaintiff in the criminal case. (Doc. 31, p. 12). Exhibit 2 was addressed to the Assistant United States Attorney who prosecuted Plaintiff. (Doc. 31, p. 12). Exhibits 3 and 4 were addressed to Ms. Mynarich, but did not include any fact or legal theory pertaining to her representation. (Doc. 31, p. 12-13). Exhibit 5 was also addressed to Ms. Mynarich, briefly mentioned that criminal case in single sentence, and did not refer to facts or legal theories pertaining to the defense of that case. (Doc. 31, p. 13-14). Exhibits 6 and 7 were additional letters from Plaintiff to Ms. Mynarich, where Plaintiff again only mentioned that criminal case in

3

passing, with the suggestion that they would discuss that case in more detail at some unspecified point in the future. (Doc. 31, p. 14). All of those exhibits appear to contain statements by Plaintiff relevant to his grasp on reality, and in the same vein as his allegations that he could save President Barack Obama from a racist plot and stop an armed revolution by Mormon extremists. (Ex. C). Accordingly, the Defendants must be able to review the exhibits listed in Doc. 27 of Case No. 6:16-cr037072-SRB.

## III. CONCLUSION

For all of the reasons stated above, the Court should issue it's order directing Plaintiff, through his current or former counsel, to produce the exhibits listed in Doc. 27 of Case No. 6:16-cr037072-SRB, and for such further and additional relief as the Court deems just.

Respectfully submitted,

KECK, PHILLIPS & WILSON, L.L.C.

By    /s/ *Damon S. Phillips*
      Damon S. Phillips #52901
      3140 E. Division
      Springfield, MO  65802
      Phone: (417) 890-8989
      Fax: (417) 890-8990
      Email: damon@kpwlawfirm.com
      *Attorneys for Defendants.*

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a true and accurate copy of Defendants' Suggestions in Support of Motion to Compel Production of Exhibits and Exhibits A, B and C was served this 17th day of May, 2019 via electronic filing to:

Mr. Charlie C. Eblen
Ms. Kayla A. Brewe
2555 Grand Boulevard
Kansas City, MO  641008-2613


and via electronic mail to:

Ms. Erica Mynarich
901 E. St. Louis, Ste. 1600
Springfield, MO  65806

erica@carvercantin.com


                                                      /s/Damon S. Phillips
                                                         Damon S. Phillips

5

Case 6:16-cv-03362-BP   Document 79   Filed 05/17/19   Page 5 of 5