# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **RONNIE LEE OWEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 16-03362-CV-S-BP |
| | ) | |
| **NANCE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

On May 28, 2019, the Court conducted a telephone conference with the parties regarding Defendants' attempt to obtain documents that were utilized in, or related to, Plaintiff's criminal proceeding. One of the issues to be resolved was whether some of those documents were protected by the attorney/client privilege. After the conference, the Court, *inter alia*, directed Ms. Erica Mynarich – who represented Plaintiff – to provide a copy of exhibits 1 and 3 through 7 to the Court *for in camera* review. Having reviewed those exhibits, the Court concludes that they are protected by the privilege.

The exhibits consist of letters Plaintiff wrote to Ms. Mynarich. Ms. Mynarich submitted those letters to the Court during a hearing in Plaintiff's criminal case on March 29, 2017. The letters were submitted *in camera* and copies were not provided to the Assistant United States Attorney. Thus, they have not been revealed to third parties. Exhibit 5 Plaintiff seeks legal advice from Ms. Mynarich on matters related to his criminal case and is thus clearly privileged. While Exhibit 1 seeks Ms. Mynarich's legal advice on matters that were not directly related to the criminal case, they

are sufficiently related to the criminal case that it was reasonable for Plaintiff to seek her counsel, Plaintiff's communication soliciting her advice is privileged. *See, e.g., State v. Longo,* 789 S.W.2d 812, 815 (Mo. Ct. App. 1990) (holding that communication with counsel is privileged if "the client . . . believe[s] that the attorney he seeks advice from is capable of providing him with representation . . . .")

The remaining exhibits discuss a combination of (1) matters related to the criminal case and (2) matters that are unrelated to the criminal case. It is not feasible to excise the arguably unprivileged discussion from the privileged discussion. Moreover, the Court does not believe that disclosure of Exhibits 3, 4, 6 and 7 is likely to reveal any information that is likely to lead to the discovery of admissible evidence, which provides further justification for not attempting to excise the privileged portions.

For these reasons, the Court declines to direct that Defendants be provided with copies of Exhibits 1 and 3 through 7 from the hearing held in Plaintiff's criminal case on March 29, 2017.

IT IS SO ORDERED.

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
DATE: June 12, 2019    UNITED STATES DISTRICT COURT